IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| DAN T. SIMMONS, | * |
| Plaintiff, | * |
| v. | * CIVIL NO.: WDQ-08-3101 |
| JOHNS HOPKINS UNIVERSITY, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Dan T. Simmons, *pro se*, sued Johns Hopkins University ("Hopkins") for violating the Age Discrimination in Employment Act ("ADEA").[1]  Pending are Simmons's motions to (1) amend the Complaint, and (2) compel discovery.  For the following reasons, the motion to amend Complaint will be denied, and the motion to compel will be granted.

I.  Background

In spring 2007, Simmons, who is 65 years old, applied for two jobs at Hopkins as a budget analyst.  Compl. ¶¶ 3,5.  He interviewed for the jobs and, despite his extensive experience, did not receive offers.  *Id.* ¶ 19.  His application for another position at Hopkins was rejected without an interview.  *Id.* ¶ 18. Hopkins told Simmons that he was not hired because he was not

---

[1] 29 U.S.C. §§ 621 *et seq.*

1

qualified.  *Id.* ¶ 20.

On December 20, 2007, Simmons filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC").  *Id.* ¶ 1.  He received a right to sue letter on August 22, 2008.  *Id.* ¶ 2.

On November 18, 2008, Simmons filed this suit.  Paper No. 1.  On February 25, 2009, Judge Andre M. Davis denied Hopkins's motion to dismiss.  Paper No. 12.  On March 23, 2009, Judge Davis issued a scheduling order setting a discovery deadline of July 1, 2009, and a summary judgment motions deadline of August 1, 2009.  Paper No. 14.  On May 31, 2009, the case was reassigned to this Court.

On June 29, 2009, Simmons moved to amend the Complaint.  Paper No. 20.  On June 30, 2009, Simmons filed two motions to compel the production of documents.  Paper Nos. 23-24.  On July 31, 2009, Hopkins moved for an extension of time to file its summary judgment motion, which the Court granted on August 18, 2009.  Paper Nos. 26-27.

II.  Analysis

   A.   Motion to Amend Complaint

A party may amend a pleading after a responsive pleading has been served only with leave of court; "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).  "[L]eave to amend a pleading should be denied only when the

2

amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."[2]  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (*quoting Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (internal quotations omitted)); *accord Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

"[D]elay alone is not a sufficient reason to deny a party leave to amend its pleading," but is so when accompanied by bad faith of the movant, futility, or prejudice to the non-movant. *Nat'l Bank of Washington v. Pearson*, 863 F.2d 322, 327-28 (4th Cir. 1988).  Prejudice is often "determined by the nature of the amendment and its timing"; for example, a prejudicial amendment is one sought shortly before trial that raises a new legal theory with new facts.  *Laber*, 438 F.3d at 427.

Simmons's proposed amendment seeks an additional $100,000 in damages because Hopkins "[f]alsely [d]egrad[ed]" his qualifications to the EEOC.  Paper No. 20.  This amendment would be futile because the ADEA does not permit recovery for non-pecuniary damages, such as emotional distress.  *Slatin v.*

---

[2] An amendment is futile if it would not withstand a motion to dismiss under Rule 12(b)(6).  *Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995).

3

*Stanford Research Institute*, 590 F.2d 1292 (4th Cir. 1979)[3]; *see also C.I.R. v. Schleier*, 515 U.S. 323, 326 (1995) (noting the unanimity among the Courts of Appeals that damages for emotional distress are not recoverable).  Indeed, recovery is limited to "those pecuniary benefits connected to the job relation." *Collazo*, 535 F.3d at 44-45 (*quoting Kolb v. Goldring, Inc.*, 694 F.2d 869, 872 (1st Cir. 1982)).

Thus, Simmons's motion will be denied.[4]

B.   Motions to Compel

Simmons's first motion to compel sought supplemental production of documents.[5]  Paper No. 23.  Simmons's second motion to compel sought "document #13, Amendment B."  Paper No. 24. Hopkins did not respond to these motions.

In its July 1, 2009, status report, Hopkins stated that it "consider[ed] discovery to be closed" and the "parties ha[d] exchanged discovery pursuant to all timely filed requests."

---

[3] *Accord Collazo v. Nicholson*, 535 F.3d 41, 44-45 (1st Cir. 2008); *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 773 (7th Cir. 2002); *Guthrie v. J.C. Penney Co., Inc.*, 803 F.2d 202, 208 (5th Cir. 1986); *Hill v. Spiegel, Inc.*, 708 F.2d 233, 235 (6th Cir. 1983); *Naton v. Bank of California*, 649 F.2d 691, 699 (9th Cir. 1981).

[4] Simmons also did not comply with Local Rule 103.6.a, which requires a copy of the amended pleading to be filed with the motion.

[5] In its June 19, 2009, document production, Hopkins stated that other documents would follow in a supplemental production, but Simmons had not received them.  Paper No. 23.

4

Paper No. 21.  It stated that it would be producing a final set of documents within five days of the status report.  *Id.*

In its July 31, 2009, motion for an extension, Hopkins stated that it mistakenly provided Simmons with discovery relating to a job application not involved in this case, while failing to provide the intended discovery.  Paper No. 26.

Hopkins will be ordered to provide the documents it has acknowledged were inadvertently not produced.

III. Conclusion

For the reasons stated above, Simmons's motion to amend the Complaint will be denied, and his motion to compel will be granted.

<table>
<tr><td>August 25, 2009<br>Date</td><td>/s/<br>William D. Quarles, Jr.<br>United States District Judge</td></tr>
</table>